# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2012

No. 11-10455
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADOLFO HERNANDEZ-GONZALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-198-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Adolfo Hernandez-Gonzales pleaded guilty to one count of illegal presence in the United States after deportation, a violation of 8 U.S.C. § 1326. At sentencing, the district court varied upwards from the calculated guidelines range and sentenced Hernandez-Gonzales to 60 months of imprisonment. Hernandez-Gonzales contends that the district court procedurally erred by failing to point to sufficient evidence or make a reasoned analysis to support its choice of an above-guidelines sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10455

As an initial matter, we note that the 60 month sentence imposed constitutes an upward variance from the Guidelines. *See United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008). Second, we need not determine whether Hernandez-Gonzales properly preserved this issue in the district court because, as explained below, the sentence is reasonable under either the plain-error or abuse-of-discretion standard. *See United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir. 2008).

When imposing a non-guidelines sentence, "the district court must more thoroughly articulate its reasons." *United States v. Smith,* 440 F.3d 704, 707 (5th Cir. 2006). "These reasons should be fact-specific and consistent with the sentencing factors enumerated in [18 U.S.C. §] 3553(a)." *Id.* We conclude that the district court's oral and written statements sufficiently explain that the sentence was based on its evaluation of the § 3553(a) sentencing factors, particularly Hernandez-Gonzales's criminal history and characteristics, as well as the need for the sentence imposed to promote his respect for the law, to afford adequate deterrence to any future criminal conduct, and to protect the public from further crimes he might commit. *See* § 3553(a)(1), (a)(2)(A)-(C); *Smith,* 440 F.3d at 707-08.

The judgment of the district court is AFFIRMED.